**KOLLER LAW LLC**
David M. Koller, Esq. (90119)     *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **TED DeRITIS** : | Civil Action No. |
| **2441 Devon Lane** : | |
| **Drexel Hill, PA 19026** : | |
|      **Plaintiff,** : | |
| : | |
| v. : | **Complaint and Jury Demand** |
| : | |
| **OTIS ELEVATOR COMPANY** : | |
| **30 Twosome Drive** : | |
| **Moorestown, NJ 08057** : | |
| : | |
| **1 Farm Springs Road** : | |
| **Farmington, CT 06032** : | |
|      **Defendant.** : | |

### CIVIL ACTION

Plaintiff, Ted DeRitis (hereinafter "Plaintiff"), by and through his attorney, Koller Law, LLC, bring this civil matter against Otis Elevator Company (hereinafter "Defendant"), for violations of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

### THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Otis Elevator Company is a developer and manufacturer of elevators, escalators and moving walkways with a location at 30 Twosome Drive,

Moorestown, NJ 08057 and with a corporate headquarters located at 1 Farm Springs Road, Farmington, CT 06032.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under the ADEA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging age discrimination against Defendant.

14. The Complaint was assigned the Charge Number 530-2020-03476 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated October 6, 2020. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff was born on February 2, 1959.

21. On July 22, 1983, Defendant hired Plaintiff in the position of Helper.

22. Plaintiff was well qualified for his position and performed well.

23. Throughout Plaintiff's employment, he held multiple with Defendant.

24. In or around 2017, Defendant promoted Plaintiff to Project Manager.

25. Plaintiff was well qualified for his position and performed well.

26. In or around the middle of September 2019, Joe Rubel resigned from Defendant in his position of Field Superintendent.

27. Plaintiff informed Kevin Angstadt, Modernization Manager, that his friend, a successful Project Manager, was interviewing for the position.

28. However, when Mr. Angstadt saw the applicant, he asked Plaintiff, "What is that guy like 60?"

29. Plaintiff was shocked by Mr. Angstadt's ageist comment.

30. Plaintiff informed Mr. Angstadt that the applicant was not and was actually younger than Plaintiff.

31. It came as no surprise, when Mr. Angstadt selected an individual approximately 30 years old to fill the Field Superintendent position.

32. Just two (2) or three (3) weeks later on October 4, 2019, Mr. Angstadt and Dennis Parker, Office Manager, unexpectedly laid Plaintiff off due to "things slowing down."

33. In addition, Sharon Patton (58 years old), Administrator, was also selected for the lay-off.

34. Plaintiff and Ms. Patton were the two (2) oldest employees at Defendant.

35. Shortly afterwards, Defendant terminated Tom Merrick (mid-50's), Project Manager, and Faye McNeil (mid-50's), Inside Sales.

36. At the time of Plaintiff's termination, Plaintiff was managing over 60 projects.

37. The average amount for a Project manager at a time is between 40 and 50.

38. Defendant's claim that business was slowing down as the reason for his termination is false and pretextual.

39. It is Plaintiff's position that he was discriminated against due to his age in violation of the ADEA.

## COUNT I – AGE DISCRIMINATION
## AGE DISCRIMINATION IN EMPLOYMENT ACT

40. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

41. Plaintiff was born on February 5, 1959.

42. Plaintiff was qualified to perform the job.

43. Defendant terminated Plaintiff.

44. Defendant treated younger employees more favorably than Plaintiff.

45. Defendant has no legitimate non-discriminatory reason for its actions.

46. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II – AGE DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff was born on February 5, 1959.

49. Plaintiff was qualified to perform the job.

50. Defendant terminated Plaintiff.

51. Defendant treated younger employees more favorably than Plaintiff.

52. Defendant has no legitimate non-discriminatory reason for its actions.

53. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ted DeRitis, requests that the Court grant him the following relief against Defendant:

    (a)    Compensatory damages;

    (b)    Punitive damages;

    (c)    Liquidated damages;

    (d)    Emotional pain and suffering;

    (e)    Reasonable attorneys' fees;

    (f)    Recoverable costs;

    (g)    Pre and post judgment interest;

    (h)    An allowance to compensate for negative tax consequences;

    (i)    A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADEA and the PHRA.

    (j)    Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: January 4, 2021          By: */s/ David M. Koller*
David M. Koller, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com

*Counsel for Plaintiff*